UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DANIEL WHITE,**

    Petitioner,

    v.                                                 Case No. 17-CV-508

**PAUL KEMPER,**

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Daniel White, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. White was convicted of battery to law enforcement officers and resisting an officer—substantial bodily harm. He was sentenced to nine years, consisting of four and a half years of initial confinement followed by four and a half years of extended supervision. White was also convicted of a misdemeanor charge of disorderly conduct, and sentenced to 90 days' confinement. White alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

### BACKGROUND

White challenges his judgment of conviction for battery to law enforcement officers, resisting an officer—substantial bodily harm, and disorderly conduct in Walworth County Circuit Court. (Habeas Petition, Docket # 1 at 2.) The charges arose from a series of incidents on September 22, 2012, summarized by the Wisconsin Court of Appeals as

follows. (*State v. White*, Appeal No. 2015AP2381 (Wis. Ct. App. October 6, 2016), Docket # 13-5 at 2–4.)

"Girl A" and "Girl B," ages fourteen or fifteen, were at the home of Girl A's grandmother, next door to White's home. The girls saw a cat on the sidewalk. Thinking it was a stray, they took it inside and fed it a can of tuna. A witness who knew the cat belonged to White told him the girls had taken it. White came to Girl A's grandmother's house shouting for his cat. He confronted Girl A on the porch, got close to her face, flailed his arms, and screamed in an angry and aggressive tone in language laced with profanity while Girl B hid inside. Both girls testified they thought White would strike Girl A. When White left, the girls went to a neighbor's house and called Girl A's mother and grandmother. The neighbor testified that the girls were crying, distraught, and scared. Girl A's mother called the police.

Walworth County deputy sheriffs Matthew Weber and John Czerwinski responded to the grandmother's residence. Weber testified that Girl A was "'worked up and sad" and "began crying and sobbing" as she described the incident. He described Girl B as "upset" and "frightened." Czerwinski described both girls as "upset."

The deputies went to White's home to arrest him for disorderly conduct. They identified themselves through a stockade-type fence enclosing White's property. They ordered him to produce identification, to exit, and to "put up" his two pit bulls. White refused to exit or secure the dogs. The officers informed White that he was under arrest for disorderly conduct and forced opened the locked gate. White and two "growling," "barking," "very aggressive" dogs emerged from the enclosure. White twice "sucker-

punched" Czerwinski, as Czerwinski described it, and hit him in the head with a board. The dogs bit all three men. White had to be physically subdued to be handcuffed and arrested.

Prior to trial,[1] White filed a motion to suppress, contending that the officers' entrance onto his property was illegal, as it was without his consent, a warrant, or exigent circumstances. After an evidentiary hearing, the circuit court concluded that his arrest was legal under Wis. Stat. § 968.07, as the officers had a reasonable basis to believe White was committing or had committed a crime.

After a five-day trial, the jury found White guilty. In his postconviction motion for a new trial, White alleged that the trial court erred by (1) prohibiting evidence that the police did not obtain a search or arrest warrant before opening the gate, and (2) excluding as hearsay not subject to any exception the testimony of White's wife, Stephanie, regarding statements White made as the officers were opening the gate. He also argued that he was entitled to a new trial in the interest of justice because the real controversy was not tried, as the jury was not instructed in regard to the officers' authority to open the gate or the privilege to use force in defense of one's property.

The trial court found that (1) the motion to suppress was properly denied because, when the officers opened White's gate, they had probable cause to arrest him for disorderly conduct in connection with the citizen complaint; (2) the subsequent offenses—battery and resisting—occurred after the officers arrived with probable cause to arrest and outside the fence; (3) the jury was properly instructed; (4) the excited-utterance exception to the hearsay rule did not apply to White's wife's testimony, and White did not argue at trial that her

---

[1] This was, in fact, White's second trial on these charges. After a five-day jury trial in September 2013, the judge declared a mistrial amid allegations of intimidation of jurors and witnesses by the prosecution and the Walworth County Sheriffs' Office. White requested, but was denied, a change of venue. (Pet. Reply Br., Docket # 17 at 3.)

statement was not hearsay; and (5) White did not argue the defense-of-property privilege at trial or request such a jury instruction. The court denied the motion for a new trial and concluded that the interests of justice did not require a new trial.

On appeal, White argued that (1) the interests of justice required a new trial under Wis. Stat. § 752.35 because failure to properly instruct the jury about the lawfulness of the officers' entry prevented the real controversy from being fully tried, (2) the trial court erred in prohibiting the defense from introducing evidence concerning the officers' failure to obtain a warrant before opening the gate, (3) the trial court erred in excluding evidence of the statements White made in response to the officers' opening of the gate, and (4) the interests of justice required a new trial because of the failure to instruct the jury about the privilege of using force to defend one's property. (Docket # 13-2.)

The court of appeals rejected these arguments. Applying state law and Wisconsin Supreme Court precedent, the court of appeals concluded that the jury instructions regarding the lawfulness of the officers' entry did not justify a new trial under Wis. Stat. § 752.35, (Docket # 13-5 at 4–6); the trial court's failure to allow evidence concerning the lack of a warrant did not abridge White's right to present a defense, (*id.* at 6–9); excluding White's statements as the officers were attempting to enter his property was harmless error, if error at all, because admitting the statements would not have affected the jury's verdict (*id.* at 9–11); and failure to instruct the jury about the privilege of defending one's property did not justify a new trial under Wis. Stat. § 752.35, (*id.* at 11–12).

The Wisconsin Supreme Court denied White's petition for review on March 13, 2017. (Docket # 13-8.) White filed a timely petition for writ of habeas corpus in this court on April 7, 2017. (Docket # 1.)

# STANDARD OF REVIEW

White's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of

several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

Habeas relief is available only for state court decisions that are contrary to federal law. This court may not review whether a state court properly applied its own state laws. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## ANALYSIS

White claims that the Wisconsin state courts deprived him of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. (Habeas Petition, Ex. 1, Docket # 1-1 at 5.) White originally presented six grounds for relief. On June 29, 2017, Respondent filed a motion to dismiss White's petition without prejudice because Ground Six (ineffective assistance of counsel) was not exhausted at the state level. (Docket # 8.) White chose to omit Ground Six and move forward with the remaining claims. (Docket # 11.)

6

White now raises five grounds for relief. Grounds One, Two, and Three challenge the trial court's failure to instruct the jury about or allow evidence of the officers' lack of a warrant. (*Id.* at 5–6.) Ground Four argues that the court improperly excluded evidence of White's statements during the incident with the police. (*Id.* at 6.) Finally, Ground Five argues that the appeals court erred in denying White a new trial so he could argue defense of property, self, or others. (*Id.* at 7.) I will address each in turn.

Before turning to White's grounds for relief, I note White's reference to *Townsend v. Sain*, 372 U.S. 293 (1963) to argue that he is entitled to federal court review of his state conviction. However, *Townsend* is not relevant here. *Townsend* concerned the circumstances in which a habeas applicant is entitled to an evidentiary hearing to develop the factual record. Here, White has not challenged the factual record developed by the state court or requested an evidentiary hearing. Furthermore, *Townsend* has been superseded by AEDPA. 28 U.S.C. § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420 (2000). Thus, I do not discuss *Townsend* in relation to this matter.

   *1.   Ground One: Jury Instructions*

White argues that the instructions given the jury at his trial were defective because they failed to include information about White's Fourth Amendment rights. (Habeas Petition, Docket # 1-1 at 5; Pet. Br., Docket # 14 at 8.) As I noted in my Rule 4 order, violations of the Fourth Amendment are not generally grounds for habeas relief. (Docket # 4 at 2.) In *Stone v. Powell*, 428 U.S. 465 (1976), the U.S. Supreme Court held that habeas relief was unavailable to challenge a state court conviction that relied on evidence obtained through an unconstitutional search and seizure. However, White is not making the type of claim that would be barred by *Stone v. Powell*, as he does not challenge evidence obtained

7

through an allegedly unconstitutional search and seizure. Rather, he claims that the trial judge erred in not instructing the jury that officers needed a warrant under the Fourth Amendment. (Habeas Petition, Docket # 1-1 at 19, Pet. Br., Docket # 14 at 8.) Erroneous jury instructions are not Fourth Amendment claims but due process challenges, which are appropriate for review in habeas.

Nevertheless, habeas review is not available for this claim because the court of appeals disposed of it on an independent and adequate state ground. A federal court may not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* (internal quotation and citation omitted).

In this case, the court of appeals observed that White failed to object to the jury instruction at trial, and that under Wisconsin case law, failure to object to a proposed jury instruction constitutes waiver of any error. (Docket # 13-5 ¶ 8.) *See State v. Bannister*, 2007 WI 86, ¶ 42, 302 Wis. 2d 158, 734 N.W.2d 892 ("The long-established general rule is that an appellate court does not review an error unless it has been properly preserved.") The court of appeals noted that Wis. Stat. § 742.35 allowed it to review otherwise waived errors in the interest of justice if it concluded that the real controversy had not been fully tried, but after analyzing the facts of this case in light of Wisconsin case law, it concluded that a new trial was not justified.

Whether the court of appeals ought to have granted a new trial under Wis. Stat. § 742.35 is a determination of state law that a federal court cannot disturb unless it was contrary to or involved an unreasonable application of federal law. There is no federal law or case requiring that a state court grant a new trial in these circumstances, so the decision cannot be said to be contrary to federal law. Neither can it be said to misapply federal law, as this portion of the court of appeals' decision does not reference any federal law at all. (Docket # 13-5 at 4–6.)

Because the court of appeals' rejection of White's challenge to the jury instructions was based on an independent and adequate state procedural ground—that he failed to object to the jury instruction at trial—I cannot grant habeas relief on this ground.

   2.   *Ground Two: Exclusion of Evidence about Lack of a Warrant*

White argues that exclusion of evidence about the officers' lack of a warrant denied him his due process right to present evidence in his own defense. (Docket # 13-2 at 23–29 (citing *Washington v. Texas*, 388 U.S. 14, 19 (1967); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).)

The Sixth Amendment guarantees the right to present evidence in one's defense, but that right is not absolute; the right to present evidence "'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)). In *Scheffer*, the Supreme Court confirmed that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" 523 U.S. at 308.

9

In its decision, the court of appeals explained that Wis. Stat. § 904.03 allows a trial court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Docket # 13-5 ¶ 15.) The court of appeals declined to disturb the discretionary decision of the trial court, (*id.* ¶ 16), but reviewed the constitutional issue *de novo* and concluded that White had not been deprived of his constitutional right to present a defense (*id.* ¶ 17). The court relied upon *State v. St. George*, 2002 WI 50, ¶ 49, 252 Wis. 2d 499, 643 N.W.2d 777, which reiterated the Supreme Court's rulings in *Scheffer* and *Chambers* to hold that rules of evidence that are not unduly prejudicial do not violate an accused's Sixth Amendment rights. The court noted that under *State v. Annina*, 2006 WI App 202, ¶ 11, 296 Wis. 2d 599, 723 N.W.2d 708—a case substantially similar to this one—lack of a warrant did not render the entry of the officers unlawful. The court's rationale appears to be that because lack of a warrant did not render the officers' entry unlawful, evidence about the lack of a warrant was irrelevant, at best, to the question of whether the officers acted with lawful authority.

This conclusion is consistent with controlling Supreme Court precedent in *Scheffer* and *Chambers*. Indeed, White does not to point to any Supreme Court case holding that Wis. Stat. § 904.03 or any similar rule of evidence is unconstitutional on its face or as applied to a similar case. Without such precedent, I cannot say that the court of appeals' decision was contrary to, or an unreasonable application of, federal law. *See Nevada v. Jackson*, 569 U.S. 505, 512 (2013); *Keith v. Schaub*, 772 F.3d 451, 453–54 (7th Cir. 2014); *Garba v. Waukesha Cty. Circuit Court*, No. 17-CV-244, 2017 WL 6622550, **4–5 (E.D. Wis. 2017) (rejecting

Sixth Amendment challenge to exclusion of evidence under, *inter alia*, Wis. Stat. § 904.03). *See also Kubsch v. Neal*, 838 F.3d 845, 858 (7th Cir. 2016) (noting that application of *Chambers* to invalidate state evidentiary rulings has been limited to unusually weighty cases such as those involving murder and often the death penalty). Accordingly, White is not entitled to habeas relief on Ground Two.

    3.    *Ground Three*

In Ground Three, White argues that he should be granted a new trial on the resisting charge in the interest of justice. Ground Three restates White's objections to the jury instructions, exclusion of evidence of lack of a warrant, and the trial court's finding that the officers acted with lawful authority. Because I cannot discern any unique claim in this ground, I will consider it redundant of Grounds One and Two and conclude that White is not eligible for habeas relief on Ground Three.

    4.    *Ground Four: Exclusion of Testimony about Out-of-Court Statements*

Ground Four challenges the exclusion of White's wife's testimony about statements White made during the incident with the police. On appeal, White argued that the testimony was not hearsay, and if it was, it was allowed under either the excited-utterance or the then-existing-state-of-mind exceptions. (Docket # 13-2 at 29–37.) The court of appeals held that White had forfeited the not-hearsay and state-of-mind contentions by not raising them at trial. (Docket # 13-5 ¶ 26.) Under the independent and adequate state ground doctrine explained above, even if White adequately alleged that exclusion of this evidence was contrary to federal law, this court may not review that claim because the state court disposed of it on a firmly established, regularly followed state procedural ground. Thus, the not-hearsay and state-of-mind contentions are barred from habeas review.

11

As for the excited-utterance exception, the court of appeals concluded that either the excited-utterance exception did not apply, or the evidence was irrelevant and cumulative, and that exclusion of the statements was harmless. (*Id.*) This determination is also unreviewable on habeas because White did not present this issue to the appellate court as one of constitutional law, but of state evidentiary law. Section 2254(b)(1)(A) authorizes the issuance of a writ of habeas corpus only if the petitioner has exhausted all available state remedies, including presenting each claim fully and fairly to the state courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir.1992). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999) (internal citations omitted). In the relevant section of his appellate brief, White referred exclusively to state law and cases. The only conceivable reference to federal law was one sentence claiming that "the ruling deprived White of his constitutional right to present relevant evidence in support of his defense." (Docket # 13-2 at 33.) A single passing reference to constitutional law, with no citations to federal cases or discussion of Supreme Court precedent, does not provide the state court with "a meaningful opportunity to consider" a constitutional claim. *Harding v. Sternes*, 380 F.3d 1034, 1047 (7th Cir. 2004) (holding that a one-sentence reference to the constitutional right to present evidence was insufficient to alert the court to the constitutional nature of the claim when the appellant otherwise framed it as a question of state evidentiary law).

Because White's objections to the exclusion of this testimony were disposed of an independent and adequate state grounds, and White did not fairly present them as constitutional claims at the appellate level, they are not reviewable in habeas.

*5. Ground Five: Defense of Property*

Ground Five challenges the appellate court's denial of White's request for a new trial under Wis. Stat. § 752.35 based on White's privilege of using force in defense of property under Wis. Stat. § 939.49. The appellate court held that this claim was defaulted because White had not presented it at trial, and that it was substantively unavailing because there was no imminent threat to his property when he committed the battery against the officer given that they were outside White's fence. (Docket # 13-5 at 11–12.)

This is an issue of state law. White treated it as such at the state level and also in his habeas petition. There is no mention in the relevant sections of White's habeas petition, his accompanying briefs, or his appellate briefs, of any federal law, constitutional provision, or U.S. Supreme Court case, except one passing quote from a Supreme Court case in his habeas reply brief. (Docket # 17 at 14.) Because this is an issue of state law, and any constitutional dimension was not fairly presented to the state courts, this issue is not reviewable in habeas.

**CONCLUSION**

The events that led to this habeas petition are deeply troubling and unfortunate. Two young girls caring for a kitten resulted in a brawl among three grown men and two pit bulls, and culminated in a nine-year sentence for White. Nevertheless, the role of the federal courts on habeas review is a very limited one. For the reasons explained above, White is not entitled to federal habeas relief on any of the grounds raised in his petition, and his petition for a writ of habeas corpus will be denied.

# CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason would not find it debatable that White is not entitled to habeas relief. Thus, I will deny White a certificate of appealability. Of course, White retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

# ORDER

**NOW, THEREFORE, IT IS ORDERED** that White's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of January, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge